# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LISA MARIE KERR,

              Plaintiff,

v.                                            CIVIL ACTION NO. 2:14-cv-12333

MARSHALL UNIVERSITY BOARD OF GOVERNORS, et al.,

              Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Re-Open the Judgment, and for Leave to Amend Her Complaint. (ECF No. 47.) For the reasons stated below, Plaintiff's motion is **DENIED**.

### *I. PROCEDURAL HISTORY*

This matter again warrants a brief summary of Plaintiff's litigation history in this Court. The Complaint in this case, stemming from Plaintiff's attempted completion of Marshall University's Master of Arts in Teaching ("MAT") program before receiving a "no credit" grade for the program's required MAT Level III Clinical Experience student teaching course, was originally filed on March 14, 2014. (ECF No. 1.) That Complaint alleged the following seven causes of action: defamation, tortious interference with a business expectancy, the tort of outrage, due process violations, equal protection violations under two theories, and a violation of the Fair Labor Standards Act. Defendants filed a Motion to Dismiss on May 14, 2014, (ECF No. 13),

which this Court granted in a memorandum opinion entered March 26, 2015, (ECF No. 28). That memorandum opinion and order dismissed each of Plaintiff's claims for failure to state a claim on which relief could be granted and closed this case. (*See id.*)

Plaintiff appealed the judgment of this Court, and after hearing oral arguments, the Fourth Circuit entered its 42-page published decision on May 24, 2016, affirming this Court's opinion without remanding any aspect of the case for reconsideration. (ECF No. 41.) *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62 (4th Cir. 2016). The court further denied Plaintiff's petition for rehearing, (ECF No. 45), and Plaintiff did not file a petition for certiorari with the Supreme Court. Plaintiff then filed the pending Motion to Re-Open the Judgment, and for Leave to Amend her Complaint on June 30, 2017—over thirteen months after the Fourth Circuit affirmed this Court's opinion dismissing the above-styled action. (ECF No. 47.) Before turning to this motion, the Court finds that a discussion of a subsequent and nearly identical case Plaintiff filed in this Court in 2016 is insightful.

Less than two months after the Fourth Circuit's decision affirming this Court's opinion closing this case, Plaintiff filed a new complaint on July 22, 2016, re-alleging her defamation claim, due process claim, and equal protection claim based on sexual orientation discrimination. (*See* Civil Action No. 2:16-cv-06589 [hereinafter 2016 Action], ECF No. 2.) However, in the new case, the Complaint raised Plaintiff's equal protection claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and attempted to plead her due process claim as a class action suit. (*See id.*) Defendants again filed a motion to dismiss in the subsequent case, arguing that each of the claims in the new complaint was barred by *res judicata* and the applicable statutes of limitations. (*See* 2016 Action, ECF No. 6.) This Court entered its memorandum opinion and

order on September 21, 2017, granting the motion to dismiss and closing the 2016 Action. (*See* 2016 Action, ECF No. 22.)

In the memorandum opinion and order disposing of the 2016 Action, this Court specifically addressed Plaintiff's misapprehension about the result of her previous case—in which the pending motion was filed—and the effect of the Fourth Circuit's opinion. (*See id.* at 4–8 ("Though the Fourth Circuit ultimately affirmed this Court's dismissal of all of Plaintiff's claims, she seems to believe that because the Fourth Circuit's rationale was based on her failure to state a claim, she is automatically entitled to amend her Complaint.").) Among other reasons, this Court found that *res judicata* and application of the Fourth Circuit's mandate affirming the Court's prior opinion served as barriers to Plaintiff's attempt to file a second and nearly identical lawsuit against the same seven Defendants. (*See id.* at 8–10, 12–15.) Predictably, Plaintiff appealed that judgment to the Fourth Circuit in October 2017, and that appeal is currently being held in abeyance pending resolution of the pending motion currently before the Court in the above-styled matter. (*See* 2016 Action, ECF No. 31.) The Court now turns to the pending motion in Plaintiff's first case.

## II. PLAINTIFF'S PENDING MOTION

In considering Plaintiff's motion, the Court is mindful of the fact that Plaintiff is acting *pro se*, and her pleadings will be accorded liberal construction.[1] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). She pursues relief from the previous judgment via Federal Rule of Civil Procedure 60(b)(6), and she seeks leave to amend her original Complaint under Federal Rule of Civil Procedure 15(a)(2). Procedurally, Plaintiff has

---

[1] Despite acting *pro se*, the Court notes that Plaintiff has been trained in the law and formerly practiced as a licensed attorney. As the Fourth Circuit noted in its prior opinion in this case, this circuit "has not determined whether a pro se plaintiff who is also an attorney receives the benefit of this liberal construction . . . ." *Kerr*, 824 F.3d at 72. Nonetheless, the Court will continue to afford Plaintiff's pleadings the benefit of this liberal construction.

3

used the proper vehicles in her attempt to persuade this Court to vacate its previous judgment and grant her leave to amend the Complaint filed well over three years before the current motion.

Plaintiff's motion first notes that her original Complaint in this case was never amended during the litigation's pendency and claims that her appeal to the Fourth Circuit "was successful in its purpose and substance." (ECF No. 47 at 2.) She relies primarily on *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc), in support of the proposition that "entry of judgment is no exception to the doctrine that leave to amend should be liberally granted . . . so that claims may be decided on their merits." (ECF No. 47 at 3, 6–8.) Plaintiff avers that Defendants cannot show that bad faith, unfair prejudice, or futility exists in these circumstances to defeat her ability to amend the Complaint. (*See id.* at 12–14.) She reiterates several of the Fourth Circuit's findings as to the insufficiencies of her original Complaint, notes how her proposed amended complaint resolves those shortcomings, and argues that because both this Court and the Fourth Circuit dismissed her Complaint on the basis that it failed to state a claim, there was no judgment on the merits for those claims. (*See id.* at 9–11 ("Thus, a pre-answer 12(b)(6) dismissal affirmed on appeal for pleading insufficiency is just that – a judgment on the operative *pleading*'s merits, not a judgment that the underlying *claims* lacked merit. . . . Hence, nothing in the [Fourth Circuit's] holding barred Plaintiff from amending her complaint to plead those missing elements . . . ." (emphasis in original)).)

Defendants' response to the motion first focuses on the arduous standard of Rule 60(b)(6), arguing that Plaintiff does not provide adequate justification allowing this Court to provide her relief from the prior judgment and that the motion is inappropriate and untimely. (*See* ECF No. 48 at 5–11 (noting that Plaintiff waited "more than 13 months after losing her appeal to the Fourth

4

Circuit" to move for leave to amend).) Defendants also state that they would be prejudiced if the Court were to set aside its previous judgment due to the resources expended in response to Plaintiff's numerous filings. (*Id.* at 10–11.) The response harps on Plaintiff's "litigation choices" during this case's pendency and emphasizes that a Rule 60(b) motion cannot be substituted for an appeal. (*Id.* at 11–13.) Just as Defendants argue that Plaintiff cannot meet the standard under Rule 60(b), Defendants aver that Plaintiff similarly fails to provide ample justification for leave to amend her Complaint post-judgment and post-appeal. (*See id.* at 14–18 (characterizing Plaintiff's argument as "a clear effort to rely on the more liberal amendment standard set forth in Rule 15").)

Plaintiff's reply continues to assert that her new and more detailed amended complaint meets the "plausibility" standard of Federal Rule of Civil Procedure 12(b)(6), which her original Complaint did not satisfy when it was dismissed three years ago. (*See* ECF No. 49 at 2–13 ("This is a run-of-the-mill case where leave to amend after 12(b)(6) dismissal serves the interests of truth, and should be granted so that litigation can finally begin.").) She again details how her sexual orientation discrimination claim, her due process claim, and her defamation claim could now withstand a Rule 12(b)(6) challenge as pleaded in the proposed amended complaint. (*See id.* ("Plaintiff's thorough amendments remediate every basis for [the Fourth Circuit's] affirmance of the 12(b)(6) dismissal . . . .").) Plaintiff proceeds to inform the Court of "troubling fact-intensive questions about the practices of a taxpayer-supported state university" before arguing that there is no bad faith, delay, or prejudice that would preclude her ability to amend the Complaint under *Foman* and *Laber*. (*See id.* at 13–20.)

The Fourth Circuit has been clear as to the interplay between Federal Rules of Civil

5

Procedure 15(a) and 60(b) when a plaintiff relies on both in seeking leave to amend a complaint post-judgment. On this point, Plaintiff is correct. While the Fourth Circuit instructs district courts not to grant a post-judgment motion for leave to amend under Rule 15(a) without first vacating the prior judgment under either Rule 59(e) or 60(b), *see Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013), it also directs courts to ignore the standard associated with the post-judgment motion and focus on the standard for Rule 15(a). *See Laber*, 438 F.3d at 427; *accord Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). "The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a). In other words a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'"[2] *Katyle v. Penn*

---

[2] The Fourth Circuit's position on this procedural quandary—applying the more liberal Rule 15(a) standard despite the fact that the motion is filed after the complaint's dismissal—is contrary to the majority of other circuits. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 875 F.3d 75, 77 (1st Cir. 2017) (internal quotation marks omitted) (citation omitted) (noting that courts "generally do not allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision" because "[s]uch a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances"); *see also Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (explaining that a party seeking leave to amend a complaint after an adverse judgment faces a heavier burden than for leave to amend prior to a final ruling). The Fourth Circuit appeared to advance the rationale of other circuits on this issue in 2013 but did not overturn its position regarding the appropriate standard to employ. *See Calvary Christian Ctr.*, 710 F.3d at 540 ("The Federal Rules of Civil Procedure cannot be so loosely invoked. Each rule serves a procedural purpose that fits into the larger function of providing an orderly process to adjudicate actions. When, in an action, the plaintiff wishes to amend its complaint, Rule 15 governs the process. But when the action has been dismissed, there is no pending complaint to amend. To proceed with a different complaint than that filed originally, a plaintiff can either open the judgment under Rule 60 and then file a motion to amend or commence a new action."). The unusual approach adopted by the Fourth Circuit has been discussed in secondary sources, such as the following:

> The circuits are largely in agreement that a request to amend pleadings after an adverse judgment is not governed by Rule 15(a)(2)'s liberal standard, since the trial court must consider competing considerations, such as protecting the finality of judgments. The party seeking an amendment must therefore not only satisfy Rule 15's "modest requirements," but also the "heavier burden" governing requests to reopen a case. The Fourth Circuit, curiously, takes a different approach, analyzing a postjudgment motion to amend under the liberal Rule 15(a) standard. The Fourth Circuit failed to provide any rationale for why the legal standards of Rules 59(e) or 60(b) need not be satisfied. Rules 59(e) and 60 are designed to protect the finality of judgments.

*Nat'l Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427). It is improper for this Court to focus on the Rule 60(b) motion without considering whether Plaintiff's proposed amended complaint, at this stage of the proceedings, would be prejudicial, futile, or was made in bad faith. *See, e.g.*, *Hart v. Hanover Cty. School Bd.*, 495 F. App'x 314, 316 (4th Cir. 2012) (citing *Murrow Furn. Galleries, Inc. v. Thomasville Furn. Indus., Inc.*, 889 F.2d 524, 526 n.3, 529–30 (4th Cir. 1989)).

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (alteration in original) (emphasis in original) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation omitted)). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by" the defendants. *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."). Further, delay alone "is an insufficient reason to deny a motion to amend," but "the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that

---

3 James Wm. Moore et al., *Moore's Federal Practice* § 15.13[2] (3d ed. 2017) (citations omitted).

a court will find bad faith on the plaintiff's part." *Matrix Capitol Mgmt. Fund, LP*, 576 F.3d at 193 (quoting *Laber*, 438 F.3d at 427); *see Laber*, 438 F.3d at 427 ("For this reason, a district court may not deny such a motion simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits."). For example, the Fourth Circuit determined in *Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.* that the plaintiffs "ha[d] no excuse for failing to include [] additional allegations . . . in their original complaint" where "the conduct giving rise to th[e] lawsuit occurred nearly three years ago, . . . [t]he complaint itself was filed over two and a half years ago, . . . [and] a significant amount of discovery had already been conducted . . . ." 674 F.3d 369, 379 (4th Cir. 2012). Under the standard set forth in *Foman*, "prejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), *cert. dismissed*, 448 U.S. 911 (1980).

Futility aside, the cases relied on by Plaintiff in her memorandum of law in support of the motion and her reply are distinguishable from the circumstances here. First, after the district court in *Foman* dismissed the petitioner's complaint for failure to state a claim, the petitioner filed her motions to vacate the judgment and to amend the complaint the next day, weeks before she even filed her notice of appeal. *See* 371 U.S. at 179, 182 ("As appears from the record, the amendment would have done no more than state an alternative theory for recovery."). Therefore, the appeal addressed both "the merits of dismissal of the complaint and denial of petitioner's motions" to vacate the judgment and to amend the complaint. *Id.* at 179–80. Further, the district court in *Foman* provided no justification for its decision to deny the petitioner's motions. *See id.* at 182. The *Foman* Court emphasized that leave should be freely given "[i]n the absence of any apparent

8

or declared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* at 182. This Court notes that these *Foman* factors are not exhaustive, and all the factors that may be taken into consideration by a court are not equal. *See Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017).

In *Laber*, the plaintiff filed his motions for reconsideration and to amend within twenty-eight days of the district court's adverse decision granting summary judgment to the defendant. *See* 438 F.3d at 414 (omitting specific dates but noting that the district court construed the plaintiff's motion for reconsideration as one under Rule 59(e), which "must be filed no later than 28 days after the entry of the judgment"). The Fourth Circuit noted that the plaintiff was "diligen[t] in filing his motion to amend after the district court entered summary judgment dispel[ling] any inference of bad faith." *Id.* at 428. The court also recognized that the defendant, which "made no argument that it would be prejudiced if Laber were granted leave to amend," would not be prejudiced as the proposed complaint "d[id] not put any new facts at issue but merely state[d] an 'alternative theory' for recovery" like the petitioner in *Foman*. *Id.*

Additionally, Plaintiff here relies on *Pittston Co.*, wherein the plaintiff sought leave to amend the complaint before final disposition to add three claims, one of which "could not have been advanced prior to" a Supreme Court decision issued during the pendency of the litigation. *See* 199 F.3d at 700–01, 705. The other two claims could have been asserted in the original complaint, *see id.* at 705–06 ("Pittston's delay in asserting those claims was unwarranted."), but the Fourth Circuit noted that despite the district court's denial of the motion to amend, the motion

9

"was unopposed and the Government ha[d] not identified any way in which it was prejudiced by Pittston's failure to amend its complaint sooner than it did." *Id.* at 706. The district court "did not indicate that it found any bad faith on Pittston's part and did not identify how it believed the Government might be prejudiced by the late amendment." *Id.* Rather, "the district court considered that the lateness and delay constituted prejudice per se," *id.*, which this Court recognized above is antithetical to Fourth Circuit precedent.

Similarly, in *In re Lone Star Industries, Inc. Concrete Railroad Cross Ties Litigation* ("*Lone Star*"), Lone Star filed its motion to amend, seeking to add a single claim based on contradictory testimony elicited during discovery, a year and a half before trial and before discovery deadlines or a trial date had been set. *See* Nos. 93-1505, 93-1506, 1994 WL 118475, at *10 (4th Cir. Apr. 7, 1994) [hereinafter *Lone Star*]. While the defendants there opposed the motion, they did not claim intentional delay by the plaintiff or assert that they would be prejudiced by the amendment so early in the litigation. *See id.* In finding that the district court abused its discretion in denying the motion to amend, the Fourth Circuit noted that the motion to amend was filed "only thirty-six days after the deadline" to amend as a matter of right, that "discovery continued for about a year after Lone Star's motion to amend," and that there was "no suggestion that Lone Star was being dilatory" or that the defendants would have been prejudiced by the amendment. *Id.* at *11 ("[T]he factual issues raised by the new claim were encompassed in claims asserted from the outset.").

Finally, Plaintiff relies in the motion on *Davis v. Piper Aircraft Corp.*, wherein a plaintiff moved for leave to amend four months after the defendant filed a responsive pleading that consisted of a motion to dismiss, or, in the alternative, for summary judgment. *See* 615 F.3d at

609 (noting that the defendant took five months to respond to the plaintiff's complaint). In denying the plaintiff's motion to amend, the district court did not make any finding regarding prejudice to the defendant and went outside the factors in *Foman* to find "other good and sufficient reason(s)" for denying amendment. *See id.* at 613. The only reason relied on by the district court that was discussed in *Foman* was "the delay of four months," which the Fourth Circuit recognized could not alone suffice as reason for denial of the motion. *Id.* Because the district court did not find any prejudice or bad faith, the Fourth Circuit reversed the judgment and remanded the action for further proceedings. *See id.* at 614.

Unlike the cases above, Plaintiff here has acted in a dilatory manner that indicates bad faith, and Defendants would face additional prejudice if the Court allows Plaintiff to move forward with her amended complaint, which is seventy-eight pages longer than the original Complaint filed over three years before the pending motion on March 14, 2014. (ECF No. 1.) Defendants' motion to dismiss was filed on May 14, 2014 and relied on the insufficiency of Plaintiff's original pleading in arguing that it should be dismissed for failure to state a claim. (ECF No. 15.) That motion put Plaintiff on notice that her Complaint may have been inadequate to survive the Rule 12(b)(6) stage of the litigation, and Plaintiff could have attempted to amend her Complaint at any point thereafter pursuant to the same procedural rule on which she now relies. Nonetheless, Plaintiff did not pursue this option and instead opposed the motion to dismiss, arguing that her allegations, as pleaded in the Complaint, were sufficient to support her causes of action. (*See* ECF No. 17.) Even after Defendants filed their reply in support of the motion on June 4, 2014, (ECF No. 19), Plaintiff still could have chosen to seek leave to amend her Complaint, but she decided not to do so in the eight months that passed between the motion's filing and Magistrate Judge Tinsley's

11

filing of his proposed findings and recommendation ("PF&R"). This Court did not enter its memorandum opinion and order adopting the PF&R until the last week of March 2015. (ECF No. 28.) Even yet, Plaintiff did not seek leave to amend her Complaint during the almost two months that the PF&R was pending while knowing that the PF&R recommended dismissal based on the Complaint's numerous deficiencies. She acted contrary to the plaintiffs in *Pittston Co.* and *Lone Star* who sought leave to amend prior to final disposition. *See* 199 F.3d at 700–01; 1994 WL 118475, at *10–11.

After dismissal, Plaintiff again elected not to attempt to amend the Complaint like the plaintiff in *Foman*, *see* 371 U.S. at 179, but subverted that process to appeal this Court's decision, forcing Defendants to file a brief before preparing and attending oral arguments in Richmond, Virginia. The Fourth Circuit entered its opinion affirming this Court's decision on May 24, 2016, (ECF No. 43). Plaintiff could have immediately filed a motion for leave to amend after the Fourth Circuit panel's published opinion was entered, but she alternatively continued to press her luck by filing a petition for rehearing, which the Fourth Circuit denied. (*See* ECF No. 45.) Finally, over one year later—and almost a full year after compelling Defendants to litigate the 2016 Action that was dismissed by this Court—Plaintiff decided to file the pending motion. Thus, the pending motion is not only the result of undue delay by Plaintiff, which the Court recognizes is not enough to deny the motion, *see Matrix Capitol Mgmt. Fund, LP*, 576 F.3d at 193, but it is the result of Plaintiff's mindful decisions that, when assessed collectively, demonstrate bad faith and will lead Defendants to suffer unfair prejudice.

Plaintiff's proposed amended complaint, which she explains both in her motion and in her reply in support of the motion, adds countless factual allegations, raises her equal protection claim

12

under Title IX, and attempts to plead her due process claim as a class action suit. This would alter the course of the litigation and is easily distinguishable from cases where an amendment would simply state an "alternative theory" for recovery as in *Foman* and *Laber*. *See* 371 U.S. at 182; 438 F.3d at 414. The multitudinous new factual allegations contained in the 102-page amended complaint were curiously omitted during the over two years that the case was under advisement before this Court and the Fourth Circuit. The Fourth Circuit has affirmed a district court's denial of a motion for leave where, like here, "the amendment—coming so belatedly—would change the nature of the litigation . . . ." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir.) (citing *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987) (noting that "[b]elated claims which change the character of litigation are not favored")), *cert. denied*, 562 U.S. 1003 (2010). Further, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal quotation marks omitted) (citation omitted). Unlike the defendants in *Laber*, *Pittston Co.*, and *Lone Star*, Defendants here have set forth the prejudice they will suffer if the Court allows Plaintiff to amend her Complaint. (*See* ECF No. 48 at 10–11.) *Cf.* 438 F.3d at 428; 199 F.3d at 706; 1994 WL 118475, at *10. The Court agrees with Defendants and finds that the unfair prejudice to be suffered by them warrants denial of Plaintiff's motion. *See Davis*, 615 F.2d at 613.

Plaintiff's suggestion that the Fourth Circuit's opinion affirming this Court's dismissal of her case somehow equates to authorization for her to re-litigate the closed action is wholly unavailing. Even under the liberal standard of Rule 15(a), Plaintiff has not succeeded in persuading this Court that her actions have been anything short of dilatory, and she similarly fails to rebut Defendants' assertion that they will suffer undue prejudice if the pending motion is

granted. Plaintiff has strategically drug Defendants through litigious waters for the better part of four years in two separately filed actions. Regardless of whether the proposed amendments would be futile, the Court is convinced that indications of bad faith coupled with the additional prejudice it would cause Defendants are reason enough to forbid Plaintiff from amending her Complaint at this exceptionally belated point in time.

### III. CONCLUSION

For these reasons, Plaintiff's Motion to Re-Open the Judgment, and for Leave to Amend her Complaint, (ECF No. 47), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 16, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE