IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LISA MARIE KERR,

                Plaintiff,

v.                                              CIVIL ACTION NO.   2:14-cv-12333

MARSHALL UNIVERSITY BOARD OF GOVERNORS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Lisa Kerr's ("Plaintiff") Inter-Related Motions for reconsideration of dismissal and to reopen the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, or, alternatively, for an evidentiary hearing. (ECF No. 63.) For the reasons stated herein, the motions are **DENIED**.

Plaintiff filed a complaint against the Marshall University Board of Governors, Gene Kuhn, Judith Southard, Sandra Bailey, Teresa Eagle, Lisa Heaton, and David Pittenger (collectively, "Defendants") on March 14, 2014. (ECF No. 1.) Defendants filed a motion to dismiss on May 14, 2014, (ECF No. 15), which this Court granted in a memorandum opinion and order entered on March 26, 2015, (ECF No. 28). The memorandum opinion and order dismissed all of Plaintiff's claims for failure to state a claim on which relief could be granted and closed this case. (*Id.*) Plaintiff appealed the judgment to the United States Court of Appeals for the Fourth Circuit, which affirmed the judgment of this Court in 42-page published opinion on May 24, 2016. (ECF No.

41). The court further denied Plaintiff's petition for rehearing, (ECF No. 45), and Plaintiff did not file a petition for certiorari with the United States Supreme Court.

Plaintiff then filed a motion to reopen the judgment and for leave to amend her complaint in this Court on June 30, 2017—over thirteen months after the Fourth Circuit affirmed this Court's ruling dismissing the above-styled action. (ECF No. 47.) This Court denied Plaintiff's motion on February 16, 2018, due to Plaintiff's undue delay, bad faith, and the unfair prejudice it would cause to Defendants. (ECF No. 50.) Plaintiff appealed that decision to the Fourth Circuit on the same day. That appeal was consolidated with a separate but nearly identical case that Plaintiff had filed in this Court in 2016 and appealed to the Fourth Circuit after the Court entered a decision applying res judicata and dismissing the case. (ECF No. 55.) In that consolidated action, the Fourth Circuit affirmed this Court's judgment by unpublished *per curiam* opinion on August 28, 2018, (ECF No. 56), and further denied Plaintiff's petition for rehearing, (ECF No. 60). Plaintiff filed a petition for certiorari with the Supreme Court on December 19, 2018, (ECF No. 62), which was denied on February 19, 2019. *See Kerr v. Marshall University Board of Governors*, 139 S.Ct. 1198 (2019). Now, Plaintiff again moves this Court to reopen the case.

Rule 60 of the Federal Rules of Civil Procedure governs a party's right to seek relief from a judgment or order. Relevant here, Rule 60(b) allows a court, upon motion of a party, to relieve a party from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Ordinarily, a party must move for relief under Rule 60(b) within one year following the final judgment. *See* Fed. R. Civ. P. 60(c)(1). However, Rule 60(d) empowers a court to "set aside a judgment for fraud on the court" after more than one year has passed. Fed. R. Civ. P. 60(d)(3); *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d

131, 135–36 (4th Cir. 2014).  Because fraud on the court is a "nebulous concept," it "should be construed very narrowly."  *Id.* at 136 (internal quotation marks and citation omitted).

Relief under Rule 60(d)(3) is only available where the fraud involves "an intentional plot to deceive the judiciary [and] . . . touch[es] on the public interest in a way that fraud between individual parties generally does not."  *Id.* at 136.  Fraud on the court is "not your garden-variety fraud."  *Id.* at 135.  The Fourth Circuit has emphasized that even "perjury and fabricated evidence . . . which [a]re reprehensible and unquestionable evils, [a]re not adequate to permit relief as fraud on the court because the legal system encourages and expects litigants to root them out as early as possible."  *Id.* (internal quotation marks and citation omitted).  Fraud on the court "is limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged."  *Id.* (internal quotation marks and citation omitted).  To prevail on a Rule 60(d) motion, the petitioner must prove fraud on the court by "clear and convincing evidence."  *See United States v. MacDonald*, No. 97–7297, 1998 WL 637184, at *2 (4th Cir. Sept. 8, 1998) (citations omitted).

Here, Plaintiff alleges that Defendants' motion to dismiss "propounded a known forgery to the court . . . because they knew that the authentic evidence would have exposed their wrongs and compelled an opposite judicial result."  (ECF No. 63 at 2.)  Throughout the motion, Plaintiff claims that Defendants' conduct constitutes fraud on the Court but fails to present any factual allegations or evidence supporting her claim.  Instead, she relies on the allegations in her original complaint, which the Court previously held failed to state a claim upon which relief could be granted.  Plaintiff's motion is a clear and unwarranted attempt to relitigate her prior claims.  *See*

3

*Fox*, 739 F.3d at 139 (Rule 60 does not give a party the opportunity to relitigate its case that previously failed). Further, granting the motion based on Plaintiff's bald accusations would be a clear abuse of the Court's discretion. Accordingly, her motion is without merit and must be denied.

For these reasons, Plaintiff's Inter-Related Motions, (ECF No. 63), are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 5, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE